UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| CHARLES D. COPELAND, | ) | CASE NO.  5:08 CV 2768 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| I.R.S. ACS SUPPORT-STOP 813G, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |


Pro se plaintiff Charles D. Copeland filed the above-captioned in forma pauperis

action against "I.R.S. ACS Support-STOP 813G."[1]  Mr. Copeland alleges his constitutional rights

were violated by the Internal Revenue Service's enforcement efforts to collect taxes from him.  He

is seeking $50,000 in compensatory damages and $250,000.00 in punitive damages.

BACKGROUND

Mr. Copeland alleges the IRS requested his submission of tax returns for calendar

years 2002 through 2007.  The agency allegedly "disallowed these returns and substituted them for

---

[1]As it appears this designation includes the mailing address of an IRS agent, the court will simply construe this as
a suit against the IRS.

their Own then charged [petitioner] . . . with penalties on taxes that were properly payed [sic]."
(Compl. at 1.)  While Mr. Copeland claims he submitted the returns as requested, he has "not
received anything when my records show I'm intitled [sic] to a refund."  (Compl. at 2.)

There is no explanation when or upon what basis the IRS pursued any action against
Mr. Copeland.  Without stating whether he either complied with the statutory requirements to
request a Due Process Hearing or explaining the reasons why a hearing was denied, plaintiff simply
asserts he unsuccessfully requested a "hearing due process" four times.[2]  He complains levies have
been posted against his savings account and pay check, resulting in the eventual foreclosure of his
home.  Also, he protests allegedly being on a "payment plan that shows no credit for the money
received" and asserts the IRS lied to him by stating his "returns were being processed when all the
time they were disallowed."  (Compl. at 2.)

---

[2]The "due process hearing" to which the plaintiff refers is explained in the Tax Code, as follows:

> No levy may be made on any property or right to property of any
> person unless the Secretary has notified such person in writing
> of their *right to a hearing under this section before such levy is
> made*. Such notice shall be required only once for the taxable
> period to which the unpaid tax specified in paragraph (3)(A)
> relates.

26 U.S.C. § 6330(a)(1) (emphasis added).  A hearing is mandated under the following circumstances:

> (b) Right to fair hearing.--
>
> > (1) In general.--If the person requests a hearing in
> > writing under subsection (a)(3)(B) and states the
> > grounds for the requested hearing, *such hearing shall
> > be held by the Internal Revenue Service Office of
> > Appeals*

26 U.S.C. § 6330(b)(1) (emphasis added).

STANDARD OF REVIEW

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

PROPER PARTY

Despite the designation of the IRS as a defendant in this suit, the nature of Mr. Copeland's action is one against the United States. For a federal agency to be amenable to suit, Congress must authorize suit against it by name. See Blackmar v. Guerre, 342 U.S. 512, 514 (1952). Congress has not authorized suit against the IRS with respect to constitutional suits of the type plaintiff has filed. Accordingly, the IRS is dismissed as an improper party to this suit.

To the extent plaintiff alleges a violation of his constitutional rights, the United States, as the real party to this suit, enjoys sovereign immunity. See United States v. Sherwood, 312 U.S. 584, 586 (1941) (explaining that, "[t]he United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of the consent to be sued in any court define that court's jurisdiction to entertain the suit"). In the absence of a waiver of this sovereign immunity, plaintiff's

---

[3] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-609 (6th Cir. 1997) (overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007)); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

constitutional claims must be dismissed.

## FAILURE TO STATE A CLAIM

Even if this were not a suit based on alleged violations of Mr. Copeland's constitutional rights, he has otherwise failed to set forth any claim against the IRS.  Principles requiring generous construction of pro se pleadings are not without limits.  Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  Id. at 1278.  To do so would "require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  Id. at 1278.

If the Court were to construe the complaint as an action under 26 U.S.C. § 7433, the statute provides a narrow waiver of sovereign immunity.  Section 7433(a) provides as follows:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

The complaint, however, does not allege that Mr. Copeland exhausted his administrative remedies. Where a claimant under § 7433 has failed to show exhaustion of administrative remedies, a court must dismiss for lack of jurisdiction.  Nogueras-Cartagena v. United States, 125 Fed. Appx. 323, 327 (1st Cir. 2005) (per curiam).

Further, legal conclusions alone are not sufficient to present a valid claim, and this

4

court is not required to accept unwarranted factual inferences.  Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (a pleading will not be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions).  Even liberally construed, the complaint does not contain allegations reasonably suggesting the plaintiff might have a valid federal claim.  Furthermore, Mr. Copeland has not stated a claim under 26 U.S.C. § 7433 because the complaint fails to allege intentional, reckless or negligent disregard of any statute or regulation by the IRS in its collection activities.

CONCLUSION

Based on the foregoing, Mr. Copeland's request to proceed in forma pauperis (Doc. 2) is GRANTED and this action will be dismissed pursuant to §1915(e).  Further, the court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated:  April 30, 2009                        /s/  John R. Adams
                                          JOHN R. ADAMS
                                          UNITED STATES DISTRICT JUDGE

5